## No. 13,651.

### STATE *ex rel.* PAUL LECHE, JUDGE, vs. W. W. LEAKE, JUDGE.

#### SYLLABUS.

A District Judge has the right to be heard and consulted in so far as relates to the fixing of the terms of the Court of Appeals in the parish or parishes in which he is one of the judges of that court.

O N APPLICATION for writs of *mandamus* and prohibition.

*Edward N. Pugh* for Relator.

Respondent Judge *pro se.*

The opinion of the court was delivered by

BREAUX, J. The purpose of relator, made evident in his petition suing for a writ of *mandamus,* is to submit to the decision of this court a difference of opinion which has arisen between him and respondent, the Honorable W. W. Leake, regarding the fixing of the terms of the

Court of Appeal, to be held in the parishes of Pointe Coupee and West Baton Rouge.

Relator, who is the judge of the Twenty-seventh Judicial District Court, was, on the 23rd day of June, 1900, assigned by the Supreme Court to act as one of the judges of the Court of Appeals in the above mentioned parishes which assignment went into effect on the first of July following. The terms of the Court of Appeal in the fourth circuit were fixed by Judges Leake and Thompson on the sixth day of July, 1898. The former was one of the holding over circuit judges.

He, the holding-over judge, in answer to the rule *nisi,* issued by this court, and in support of the order hereinbefore issued fixing the terms of court in the fourth circuit, states that these terms were fixed so as not to conflict with the terms of the Court of Appeal in the other parishes in the circuit; that he has no authority to recall the order fixing the terms, and that to make changes in the terms of the Court of Appeal in the two parishes in question would render it necessary to change the terms of the district court (with which another fixing of the terms would conflict); that there is no necessity for the changing of the terms of the Court of Appeal in the parishes, if the relator complies with the mandate of the Supreme Court requiring district judges to "arrange and order the sessions of their respective courts so as to enable them to act as judges of the Court of Appeal in the parishes to which they are assigned."

Respondent also urges that if it be decreed that the authority is vested in the judges of the Court of Appeal, as now constituted, then that the authority vested in them regarding the fixing of the terms of their court is discretionary with the judges of that court, and that, being discretionary, it is well settled that *mandamus* will not issue, unless it clearly appears that the duty is one which, from its character, leaves no discretion in the officer to do or not to do, citing in support of the proposition the case of State *ex rel.* Moulin vs. Mayor, 49 Ann. 1322, and State *ex rel.* Hutchinson vs. Sheriff, 52 Ann. 1620. Respondent's position is earnestly controverted by relator.

The Constitution of 1898 ordained that "the Court of Appeal shall remain as at present constituted until the first day of July, 1900." On this day the relator had been assigned to his new duties on the bench of the Court of Appeal. In our view, the language of the Constitution vests the court, as now constituted, after the first day of July, 1900, with the power to fix its terms.

Under a statute of a date prior, viz, 1886, the Court of Appeal, as constituted while the Constitution of 1879 was in force, did not have the authority to fix the terms of their court. But the Constitution of 1898 specially vested this authority in the judges of the Court of Appeal, as now constituted.

We, in view of the language of the Constitution of 1898, cannot assume that the words "said court," as used in Article 100, covered within their meaning the former order fixing terms as a continuing order to have full force and effect until 1904; nor can we agree with the view that would result in holding that this order must remain unchanged, although one of the judges desires to be heard regarding another fixing of the terms and a change. After the date, 1st July, 1900, the several Courts of Appeal "shall consist of one of the judges of those courts whose terms shall not have expired, and who, with a judge of a district court, to be designated by the Supreme Court," etc. Article 99, Constitution, 1898.

The articles following the one from which we have just quoted, refer, we take it, to the judges constituting the court under the Constitution of 1898, as those by whom the terms of the court are to be fixed, at least, until the first day of July, 1904. The authority to fix terms until that time is vested in the judges assigned as before stated, an authority not conferred on the court prior to July 1st, 1900, and it is not a continuing authority under the present Constitution, except to the extent that it may fall within the provisions of Article 325 of that instrument.

The attention of the Constitutional Convention must have been directed to the court as now constituted and the judges who preside over it. After having settled upon the functions of the court, the Constitution specially ordained that its terms are to be fixed by the "judges of said court," and not a word was used which we can possibly construe as having reference to the Court of Appeal of a prior date. The judges referred to, and the terms of the court mentioned, are those of the present court.

We have, to this point, dealt exclusively with the question of power of the courts, as now constituted, to fix their terms. We consider this an independent issue, and have considered it from that point of view.

This brings us to the next ground presented by the respondent, to-wit: that there is no necessity of changing the terms of the Court of Appeal in the parishes mentioned. We can only say, in answer, that

we do not consider that the question of the necessity of a change in the term is before us for decision. It is not made evident that a change must, of necessity, be made. This question, we take it, has not yet been considered or in any way taken up by the court. When it comes up for consideration, it may be that no change will be made. Before a change is made and until it becomes evident that, in consequence, there is a conflict in the terms of court, and that a very great inconvenience in the administration of justice is the result, these grounds are, in our opinion, prematurely urged.

It is true, as insisted upon by the learned judge of the Court of Appeal, that *mandamus* will not be issued and made peremptory if the question is one within the discretionary control of the authority to which it is addressed.

We are, none the less, constrained to disagree with the learned judge, for the reason that the Constitution requires the terms of the Court of Appeal to be fixed by the judges of that court, and, in consequence, one judge is without authority or discretion to let the terms remain as previously fixed, when the other judge asks to be heard, in so far as the appellate judicial district in which he is one of the judges is concerned.

In the face of the plain article of the Constitution, the Supreme Court, in the exercise of its supervisory jurisdiction, under the circumstances here, has the authority to make peremptory a *mandamus* to the extent that it may be necessary to permit a complaining judge to be heard regarding the fixing in question. The refusal to hear him and let him have a consulting voice gives rise to a question not exclusively within the discretion of the holding-over judge so refusing, and for that reason, in our opinion, *mandamus* lies.

It is ordered, adjudged and decreed that the writ of *mandamus* prayed for is granted and made peremptory, and the terms of the Court of Appeals of the Fourth Circuit in the parishes in question are to be fixed after the complaining judge, relator, shall have been given a consulting voice.

It is further ordered that the old order fixing the term of the Court of Appeals, dated July 6th, 1898, is no longer of any effect from the date of this decree, as relates to the parishes of Pointe Coupee and West Baton Rouge only, and that the writ *nisi*, which issued, is confirmed, sufficient cause why the writ of *mandamus* should not issue not having been shown.